UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      *Plaintiff*<br><br>    v.<br><br>ELI HYNES<br><br>      *Defendant.* | Crim. Action No.: 3:18-cr-00222<br><br>**MEMORANDUM<br>AND ORDER** |

  This matter comes before the Court on Defendant Eli Hynes's ("Defendant" or "Hynes") motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF No. 28.) Defendant is a thirty-two-year-old inmate serving a 144-month term of imprisonment for possession with intent to distribute heroin. He resides at USP Allenwood and has approximately seven years (84 months) remaining on his sentence. He claims that his health conditions – namely, obesity, high blood pressure, and gastrointestinal problems – constitute extraordinary and compelling reasons warranting his early release. The Court heard oral argument on October 13, 2020. For the reasons that follow, Defendant's motion is denied.

I.

  In May 2017, special agents observed Defendant engage in a narcotics transaction. Following his arrest and a search of his apartment – where law enforcement recovered two firearms loaded with hollow-point ammunition, approximately four bricks of heroin, twenty small bags of marijuana, and over one thousand dollars – Defendant pleaded guilty to possession with intent to distribute heroin, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Pl. Complaint, ECF No. 1; Judgment at 1, ECF No. 26.) This Court sentenced Defendant to a 144-month term

of imprisonment, to be followed by 3 years of supervised release, on July 19, 2018. (Judgment at 2.) Defendant is currently incarcerated at USP Allenwood with an anticipated release date of November 6, 2027. (Em. Mot. Compassionate Release at 1-2, ECF No. 31.)

In April 2020, Defendant filed an internal request for compassionate release. (Am. Moving Br. at 7-8, ECF No. 29.) The basis of Defendant's request was his ongoing pain, vomiting and gastrointestinal problems stemming from a gunshot injury in 2007. (*Id.*) The warden, however, determined that Defendant's condition was "not debilitating" and that he was "able to address [his] normal living needs." (*Id.* at 9.)

Shortly thereafter, Defendant filed a *pro se* motion for compassionate release and reduction in sentence. (Moving Br., ECF No. 28; Am. Moving Br., ECF No. 29.) He alleged that the following circumstances are "extraordinary and compelling reasons" for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i): (1) his gastrointestinal condition increases his risk for negative outcomes from COVID-19; (2) he is not receiving the necessary care in prison to manage his condition; and (3) he has achieved significant rehabilitation while incarcerated. (Moving Br. at 1-3; Am. Moving Br. at 1-3.)

In June 2020, Andrea Bergman, a federal public defender, made an appearance as counsel for Defendant. (ECF No. 30.) The following month, Defendant submitted an emergency motion for compassionate release through counsel, supplementing his prior submissions. (ECF No. 31.) In that brief, he added that (1) he has severe hypertension (high blood pressure) and is medically obese; (2) at least two staff members in his facility have tested positive for COVID-19; and (3) there is inadequate testing and social distancing within his facility to contain the spread of the virus. (*Id.* at 1-3, 11-13.) Overall, he argues that his health conditions combined with the imminent spread of COVID-19 in his facility constitute "extraordinary and compelling reasons"

2

for his early release under Application Note 1(D) of the Sentencing Guidelines Commission's policy statement to the compassionate release statute ("Note 1(D)"). (*Id.* at 7-8.) Further, he believes the § 3553(a) factors do not present a barrier to his early release, primarily due to his health conditions and alleged susceptibility to the virus. (*Id.* at 10-11.) Should he be released, he plans to live with his fiancé – a nurse – in Paterson and work full-time at a nearby car wash. (*Id.* at 14.)

During oral argument, the United States conceded that, in light of the recently revised CDC guidelines, Hynes's obesity constitutes an "extraordinary and compelling" reason justifying early release. CDC has determined that individuals with a BMI of 30 or higher are at risk for severe illness should they contract COVID-19 and, following his recent weight gain, Hynes's BMI is now 32.5.[1] However, the United States submits that Hynes's obesity is explained by his recent commissary purchases of unhealthy foods, which, the government alleges, were a deliberate attempt to gain weight in order to cross the obesity threshold set forth by CDC. (Opp. Br. 1, 7, ECF No. 32; Opp. Br. Ex. D, ECF No. 32-4.)

Relying on correspondence with BOP medical staff, the United States argues that Hynes has exaggerated his medical conditions and, in fact, does not have hypertension or extreme gastrointestinal problems. (Opp. Br. at 1, 4-6; Opp. Br. Exs. B, C, ECF No. 32-2, -3.) Further, it notes that he falls within Medical Care Level 1 – BOP's classification for inmates who are generally healthy – and did not complain about serious gastrointestinal distress before his present motion. (*Id.*)

---

[1] The CDC maintains a list of medical conditions that put individuals at an increased risk for severe illness from COVID-19. *People with Certain Medical Conditions*, CDC: Your Health, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 7, 2020).

3

In addition, the United States points out that USP Allenwood has had no COVID-19 positive cases or deaths among inmates[2] – a testament to BOP's ability to prevent the spread of the virus there – and that Hynes's risk of contracting the virus will likely increase if he is released to Passaic County. (*Id.* at 7 n.3, 9-11.) Finally, it argues that the nature of Hynes's crime combined with his extensive criminal history weigh against his early release under the § 3553(a) factors. (*Id.* at 12-13.)

In his reply, Defendant contends that the United States has minimized (1) the severity of his health conditions; (2) the risk posed by COVID-19; (3) the Court's wide discretion to find "extraordinary and compelling reasons" for compassionate release under Note 1(D); (4) the protective measures he will be able to take if released compared to in the prison environment; and (5) the significance of his rehabilitation. (Reply Br. 1-2, ECF No. 33.) He rejects the government's allegation that his obesity can easily be reversed, and asserts that BOP controls the majority of inmates' diets and does not provide healthy options at daily meals or in the commissary. (*Id.* at 5-6.)

II.

A court may grant a compassionate release motion if the criteria in 18 U.S.C. § 3582(c) are satisfied. While previously only BOP could submit a compassionate release motion on behalf of an inmate, the First Step Act allows an inmate to move the court directly after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the

---

[2] While there had been no positive cases at USP Allenwood when the parties filed their briefs, there were four positive cases among inmates and one positive case among staff as of October 13, 2020. *COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Oct. 13, 2020).

4

warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (codified at 18 U.S.C. § 3582(c)(1)(A)).

Assuming those requirements have been met, a court may reduce a term of imprisonment if the modification is justified by "extraordinary and compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). According to the Sentencing Commission's policy statement, a defendant's medical condition, age, family circumstances, or "other reasons" may be grounds to find that "extraordinary and compelling reasons" for compassionate release exist. USSG § 1B1.13 cmt. n.1(A)-(D). Here, Defendant seeks compassionate release under the fourth category, "other reasons." *Id.* at n.1(D).

Courts have considered what "other reasons" are sufficient to warrant release under the "extraordinary and compelling" provision. In light of the COVID-19 pandemic, courts have generally deferred to the CDC's list of underlying medical conditions that increase one's risk of severe illness from the virus. *See, e.g.*, *United States v. Henderson*, No. CR 15-0329 (ES), 2020 WL 5055081, at *4 (D.N.J. Aug. 26, 2020) ("what matters is that Defendant's medical condition places him on the CDC's list of people at increased risk of severe illness from COVID-19 – a list which courts around the country have used as a guidepost for determining whether extraordinary and compelling reasons exist in COVID-19 compassionate release cases.")

Some courts in our circuit have found that a combination of obesity, hypertension, and other health conditions satisfy the "extraordinary and compelling standard." *See, e.g.*, *United States v. Butler*, No. CR 10-612, 2020 WL 5369753, at *1-3 (E.D. Pa. Sept. 8, 2020); *United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331 (E.D. Pa. Apr. 1, 2020). Others have held that those conditions, without more, are not severe enough to warrant

compassionate release, particularly if they can be managed by BOP. *See, e.g., United States v. Wax*, No. CR 14-251 (FLW), 2020 WL 3468219, at *3 (D.N.J. June 25, 2020); *United States v. Falci*, No. CR 17-228 (AET), 2020 WL 3410914, at *4-5 (D.N.J. June 22, 2020); *United States v. Alexander*, No. CV 19-32 (FLW), 2020 WL 2507778, at *4 (D.N.J. May 15, 2020).

In addition, the Third Circuit has stated that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Even if extraordinary and compelling circumstances for compassionate release are present, a court may deny the requested relief if the 18 U.S.C. § 3553(a) factors do not weigh in favor of the defendant's release. *See, e.g., United States v. Pawlowski*, 967 F.3d 327 (3d Cir. 2020) (holding that although defendant had medical problems that justified compassionate release due to COVID-19, he had served only two years of a fifteen-year sentence, and his crimes of fraud, conspiracy, and lying to the FBI required a significant period of incarceration).

III.

As an initial matter, the parties agree that Hynes has exhausted his administrative remedies and that the Court has jurisdiction to review his motion. And the United States has conceded that Hynes's obesity is an "extraordinary and compelling" reason justifying release based on the CDC guidelines. The remaining question for the Court to answer is whether the § 3553(a) factors weigh in favor of or against compassionate release.

The Court finds that the § 3553(a) factors weigh against granting the requested relief here. First, Hynes's original sentence was below the sentencing range for his offense. His total

offense score of 29 took into account the presence of two loaded firearms, Hynes's age and prior felony convictions, and his acceptance of responsibility for the crime. The guideline range for that level of offense was between 151 and 188 months, yet he was given a 144-month sentence based on his plea agreement. Today, he has served, at most, thirty percent of that sentence. To release Hynes seven years early, after he committed a serious drug offense that involved loaded firearms, would undermine the intended purpose of deterring such conduct.

Specific deterrence is particularly warranted due to Defendant's extensive criminal history. At the time he committed this offense, he had 20 criminal history points and fell within criminal history category VI. As noted in *Gore*, "[t]his history raises serious doubts about Defendant's ability to conform his actions to the requirements of the law, which therefore suggests that Defendant may pose a danger to the community if released." *Gore*, 2020 WL 3962269, at *5. While the Court recognizes Hynes's efforts to achieve rehabilitation while incarcerated, that factor alone does not outweigh the others discussed above.

As a final note, the spread of the COVID-19 within USP Allenwood does not appear to be rampant. As of October 14, there were three active cases among inmates and one among staff, and there have been no deaths. Fed. Bureau of Prisons, *supra*. Defendant has not demonstrated that BOP is failing to adequately control the spread of the virus within his facility.

For the reasons set forth above, the Court declines to grant Defendant's motion for compassionate release.

## ORDER

**THIS MATTER** having come before the Court on Defendant Eli Hynes's Motion for Compassionate Release, (ECF No. 28); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons;

**IT IS** on this 14 day of October, 2020,

**ORDERED** that Defendant's motion for compassionate release, (ECF No. 28), is **denied**.

_____
PETER G. SHERIDAN, U.S.D.J.